UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAOR WORLD MEDIA FILMS, INC. and
LEONE LIVING TRUST,

                Plaintiffs,

-against-

JC PRODUCTION and SAMSARA PROD,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2024_

22 Civ. 8267 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Naor World Films, Inc. and Leone Living Trust (collectively, "Naor World"), bring this action against Defendants, JC Production and Samsara Prod (collectively, "JC"), alleging, *inter alia*, that JC distributed Naor World's copyrighted films without authorization and breached the parties' film distribution agreement. *See generally* Compl., ECF No. 1. JC filed counterclaims against Naor World alleging, *inter alia*, that Naor World does not own the copyrights to one of the films and, therefore, committed fraud by claiming that it did. *See* Answer ¶¶ 71–75, 80–84, ECF No. 27.

Naor World moves to dismiss JC's counterclaims for failure to state a claim and to strike JC's affirmative defenses. For the reasons stated below, Naor World's motion to dismiss the counterclaims is GRANTED, and its motion to strike JC's affirmative defenses is DENIED.

### BACKGROUND[1]

In October 2021, Naor World sold JC the exclusive rights to distribute four films in France (and its overseas territories), Monaco, and Andorra: (1) "La ragazza che sapeva

---

[1] For the purposes of a motion to dismiss a counterclaim under Rule 12(b)(6), the Court must accept the counterclaimant's factual allegations as true. *Phoenix Cos. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 585 (S.D.N.Y. 2021).

troppo" (a/k/a "Evil Eye" or "The Girl that Knew Too Much"); (2) "La Maschera del Demonio" (a/k/a "Black Sunday"); (3) "Cani arrabbiati" (a/k/a Rabid Dogs); and (4) "5 Bambole per la luna d'Agosto" (a/k/a "Five Dolls for an August Moon"). Compl. ¶¶ 11–12. Naor World claims that JC willfully infringed its copyrights by distributing the films outside of the authorized jurisdictions and without proper copyright notice, and breached the parties' agreement by failing to pay Naor World the amount it owed under the contract. *Id*. ¶¶ 1, 15–17. In response, JC asserts twenty affirmative defenses. Answer ¶¶ 51–70.

JC alleges that Naor World does not own the copyright to "Evil Eye." *Id*. ¶ 77. Instead, JC claims, "an entirely separate entity named INTRAMOVIES has claimed ownership of any and all applicable rights pertaining to" "Evil Eye." *Id*. at 73. JC contends that Naor World fraudulently induced it to enter the distribution agreement based on this misrepresentation. *Id*. ¶¶ 81, 84. JC asserts five counterclaims for breach of contract, fraud, fraudulent concealment, breach of fiduciary duty, and indemnification. *Id*. ¶¶ 77–91.

## DISCUSSION

I. Motion to Dismiss Counterclaims

A. Legal Standard

"A motion to dismiss a counterclaim for failure to state a claim is evaluated using the same standard as a motion to dismiss a complaint." *A.V.E.L.A., Inc. v. Est. of Marilyn Monroe, LLC*, 241 F. Supp. 3d 461, 473 (S.D.N.Y. 2017) (internal quotation marks and citation omitted). Therefore, to survive a motion to dismiss under Rule 12(b)(6), a counterclaim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the [counterclaimant] pleads factual content that allows the court to draw the reasonable inference that the [claimant] is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A counterclaim is properly dismissed where, as a matter of law, "the allegations . . . , however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. The Court must assume all well-pleaded facts to be true, "drawing all reasonable inferences in favor of the [counterclaimant]." *Koch v. Christie's Int'l. PLC*, 699 F.3d 141, 145 (2d Cir. 2012). That tenet, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. Pleadings that offer only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### B. Analysis

#### 1. Fraud Claims

In its second and third counterclaims, JC asserts causes of action for fraudulent inducement[2] and fraudulent concealment. Answer ¶¶ 80–85. Federal Rule of Civil Procedure 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Under this heightened pleading standard,

> [t]o plead fraudulent inducement, a party must assert facts showing: (1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff. . . . The elements of a fraudulent concealment claim are the same as any fraud claim, except that the plaintiff must also allege that a defendant had a duty to disclose omitted information.

*AT&T Corp. v. Atos IT Sols. & Servs., Inc.*, No. 21 Civ. 4550, 2024 WL 379952, at *9 (S.D.N.Y. Feb. 1, 2024) (internal quotation marks and citations omitted). A party bringing fraud claims must also allege facts giving "rise to a strong inference of fraudulent intent." *Stevelman v. Alias*

---

[2] JC's second counterclaim is labeled only "fraud," but the claim sounds in fraudulent inducement. *See* Answer ¶ 81 ("Plaintiffs made a false misrepresentation . . . solely to induce Defendants to enter into an agreement.").

*Rsch. Inc.*, 174 F.3d 79, 84 (2d Cir. 1999) (internal quotation marks omitted). A pleading "may establish the requisite 'strong inference' of fraudulent intent either (a) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness, or (b) by alleging facts to show that defendants had both motive and opportunity to commit fraud." *Id.*

JC fails to satisfy Rule 9(b)'s heightened pleading standard. The allegations in the fraud counterclaims are mere recitations of the elements for each cause of action. Answer ¶¶ 81, 84. JC does attach two documents supporting its counterclaims to its opposition papers: the "Evil Eye" certificate of copyright registration, ECF No. 47-3, and the Italian court decision that adjudicated Intramovie's rights to Evil Eye, ECF No. 47-2. But, JC still fails to allege sufficient facts demonstrating that Naor World made a specific material misrepresentation and did so with the requisite intent.[3] Further, JC does not allege that Naor World's representations were made "with the intention of inducing reliance." *AT&T Corp.*, 2024 WL 379952, at *9. JC's counterclaims also fall well short of Rule 9(b)'s requirement to plead facts giving rise to "a strong inference of fraudulent intent." *Stevelman*, 174 F.3d at 84.

Accordingly, Naor World's motion to dismiss JC's fraudulent inducement and fraudulent concealment counterclaims is GRANTED.

2. Contract, Fiduciary Duty, and Indemnification Claims

JC also asserts three non-fraud claims: breach of contract, breach of fiduciary duty, and indemnification. "[A] breach of contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the

---

[3] JC did not attach any exhibits to its counterclaims. However, a "complaint [or counterclaim] is deemed to include any . . . documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). A party's actual notice of and "reliance on the terms and effect of a document in drafting the [pleading] is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.* at 153. The Court finds that these documents are incorporated by reference into JC's counterclaims. *See* Answer ¶¶ 73, 76.

4

contract upon which liability is predicated." *Generation Next Fashions Ltd. v. JP Morgan Chase Bank, N.A.*, No. 21 Civ. 9266, 2023 WL 6812984, at *5 (S.D.N.Y. Oct. 16, 2023) (internal quotation marks and citation omitted).  Because JC has failed to specify which terms of the parties' agreement Naor World allegedly breached, its breach of contract claim must be dismissed.

JC's breach of fiduciary duty claim must also be dismissed as JC has not alleged any facts demonstrating that its relationship with Naor World is "grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." *Spencer-Smith v. Ehrlich*, No. 23 Civ. 2652, 2024 WL 709291, at *6 (S.D.N.Y. Feb. 21, 2024) (citation omitted).

Likewise, although the parties' agreement contains an indemnification provision, Compl. at 12, JC's indemnification claim must be dismissed because JC has failed to allege that a third party seeks to hold it liable or that it has breached a duty owed to a third party. *Perkins Eastman Architects, P.C. v. Thor Engineers, P.A.*, 769 F. Supp. 2d 322, 329 (S.D.N.Y. 2011); *Hotel 57 L.L.C. v. Integral Contracting Inc.*, No. 22 Civ. 2554, 2023 WL 6390529, at *2 (S.D.N.Y. Oct. 2, 2023); *see also U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F. Supp. 3d 313, 318 (E.D.N.Y. Mar. 1, 2018) ("Generally, claims involving indemnification obligations are not justiciable until liability has been imposed upon the party to be indemnified.").

Naor World's motion to dismiss JC's breach of contract, breach of fiduciary duty, and indemnification counterclaims is, therefore, GRANTED.

II.   Motion to Strike Affirmative Defenses

A.   Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a court may strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike under Rule 12(f) are generally "disfavored and granted only if there is strong reason to do so." *Kornea v. Miller*, No. 22 Civ. 4454, 2022 WL 18859508, at *4 (S.D.N.Y. Nov. 21, 2022), *R. & R. adopted*, 2023 WL 2182324 (S.D.N.Y. Feb. 23, 2023) (citation omitted). The moving party bears the burden on a motion to strike, *Jablonski v. Special Couns., Inc.*, No. 16 Civ. 5243, 2020 WL 1444933, at *3 (S.D.N.Y. Mar. 25, 2020), and must show that (1) "there is no question of fact which might allow the defense" to meet the *Twombly/Iqbal* plausibility standard; (2) "there is no question of law which might allow the defense to succeed"; and (3) "the plaintiff would be prejudiced by inclusion of the defense," *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 95–96 (2d Cir. 2019).

The application of the plausibility standard must be "context-specific." *Id.* at 98 (quoting *Iqbal*, 556 U.S. at 679). Courts may consider (a) "the nature of the affirmative defense at issue" and (b) the "brief period in which a defendant must file an answer in contrast with the much longer window during which a plaintiff can gather the facts necessary for their complaint." *Rich v. Miller*, 634 F. Supp. 3d 66, 71–72 (S.D.N.Y. 2022), *R. & R. adopted*, *id*. "[E]ven if an affirmative defense is presented without accompanying factual allegations, a court may still decline to strike it where 'sufficient factual content is pled elsewhere' to support the defense." *Id.* at 72 (quoting *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18 Civ. 5075, 2020 WL 3472597, at *12 (S.D.N.Y. June 25, 2020)).

Regarding the second requirement, "an affirmative defense is improper and should be stricken if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC Co.,* 918 F.3d at 98.  However, "[a] motion to strike should not be used as an opportunity for the determination of disputed, substantial questions of law." *EEOC v. Kelley Drye & Warren, LLP*, 2011 WL 3163443, at *2 (S.D.N.Y. July 25, 2011) (citation omitted).

Finally, prejudice "will normally depend on when the defense is presented." *GEOMC Co.*, 918 F.3d at 98.  "A factually sufficient and legally valid defense should always be allowed if timely filed even if it will prejudice the plaintiff by expanding the scope of the litigation." *Id.* However, "prejudice may be considered . . . where a defense is presented beyond the normal time limits of the Rules, especially at a late stage in the litigation, and challenged by a motion to dismiss or opposed by opposition to a Rule 15(a) motion." *Id.* at 99.

B.    Analysis

Naor World moves to strike JC's affirmative defenses "for lack[ing] a factual underpinning." Pl. Mem. at 8–9, ECF No. 46.  It also argues that some of JC's defenses "should have been brought properly by a motion to dismiss." *Id*.  But, Naor World fails to challenge any of the defenses on an individual basis.  Instead, Naor World's motion asserts a generalized grievance against all of JC's affirmative defenses.  Courts in this Circuit adjudicate a motion to strike a party's affirmative defenses on an individual basis, applying the *GEOMC* standard to each challenged defense. *See, e.g.*, *Rich*, 634 F. Supp. 3d at 73–76; *Town & Country Linen Corp.*, 2020 WL 3472597, at *5–*13.  The Court can neither surmise Naor World's arguments based on its conclusory statements nor evaluate the defenses individually where Naor World has neglected to do so.  Moreover, Naor World has not articulated how—at this early stage of the

litigation—it is prejudiced by any of the affirmative defenses. The motion to strike is, therefore, DENIED.

## CONCLUSION

For the reasons stated above, Naor World's motion to dismiss JC's counterclaims is GRANTED. Its motion to strike the affirmative defenses is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 46.

SO ORDERED.

Dated: March 19, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge