UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAOR WORLD MEDIA FILMS, INC. AND
LEONE LIVING TRUST,

                              Plaintiffs,

            -against-

JC PRODUCTION AND SAMSARA PROD,

                              Defendants.

```
┌────────────────────────────────────┐
│ USDC SDNY                           │
│ DOCUMENT                            │
│ ELECTRONICALLY FILED                │
│ DOC #: _____             │
│ DATE FILED:  6/24/2024              │
└────────────────────────────────────┘
```

22 Civ. 8267 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiffs, Naor World Films, Inc. and Leone Living Trust (collectively, "Naor World"), bring this action against Defendants, JC Production and Samsara Prod (collectively, "JC"), alleging, *inter alia*, that JC distributed Naor World's copyrighted films without authorization and breached the parties' film distribution agreement. *See generally* Compl., ECF No. 1. JC filed counterclaims against Naor World alleging, *inter alia*, that Naor World does not own the copyrights to one of the films and, therefore, committed fraud by claiming that it did. *See* Answer ¶¶ 71–75, 80–84, ECF No. 27.

Naor World moved to dismiss JC's counterclaims for failure to state a claim and to strike JC's affirmative defenses. By order dated March 19, 2024 (the "Order"), the Court granted Naor World's motion to dismiss the counterclaims and denied its motion to strike JC's affirmative defenses. Order, ECF No. 56. The Court dismissed JC's fraud counterclaims for failure to satisfy Federal Rule of Civil Procedure 9(b)'s heightened pleading standard, *id.* at 3–4, and dismissed its contract, fiduciary-duty, and indemnification counterclaims for failure to allege essential elements of each claim, *id.* at 4–5.

JC moves for reconsideration of the Court's dismissal of its counterclaims.  JC Mem., ECF No. 58.  For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

## LEGAL STANDARD

JC brings its motion for reconsideration under Local Rule 6.3, which provides that a "notice of motion for reconsideration or reargument of a court order determining a motion . . . shall be served with . . . a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."  Thus, "to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." *Dietrich v. Bauer,* 198 F.R.D. 397, 399 (S.D.N.Y. 2001).  The movant must also demonstrate that the controlling law or factual matters "might reasonably be expected to alter the [C]ourt's decision." *Montanile v. Nat'l Broad. Co.,* 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002).  Rule 6.3 is to be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Dietrich*, 198 F.R.D. at 399.  A party "may not advance new arguments or requests for relief in a motion for reconsideration if they were not previously presented to the Court." *In re Furstenburg Finance SAS,* 785 F. App'x 882, 886 (2d Cir. 2019) (summary order) (quotation marks omitted).  And, motions for reconsideration are "committed to the sound discretion of the district court." *Immigrant Def. Project v. U.S. Immigr. & Customs Enf't,* No. 14 Civ. 6117, 2017 WL 2126839, at *1 (S.D.N.Y. May 16, 2017).

**DISCUSSION**[1]

JC first asks the Court to reconsider the Order based on the "possibility" that the Court "overlooked" two documents appended to its counterclaims: (1) a court decision by the Italian Republic Ordinary Court of Rome and (2) a Certificate of Registration from the United States Copyright Office.  JC Mem. ¶¶ 10–18.  The Court did not.  *See* Order at 4 (citing both documents).  Even considering these documents, JC "fail[ed] to allege sufficient facts demonstrating that Naor World made a specific material misrepresentation[,] did so with the requisite intent," and that "Naor World's representations were made with the intention of inducing reliance."  *Id.* at 4 (citations omitted).  Accordingly, JC's reconsideration motion as to the fraud claims is DENIED.

Next, JC moves for reconsideration of the Court's dismissal of its breach-of-contract claim for failure to allege "specific provisions of the contract upon which liability is predicated."  Order at 4–5 (quoting *Generation Next Fashions Ltd. v. JP Morgan Chase Bank, N.A.*, No. 21 Civ. 9266, 2023 WL 6812984, at *5 (S.D.N.Y. Oct. 16, 2023)).  *See* JC Mem. ¶¶ 24–28.  Although JC made no such allegations in its breach-of-contract counterclaim, JC argues that it is sufficient that it specified the relevant provisions in the factual-background section of its answer and counterclaims.  *Id.* ¶ 27.  Given the liberal pleading standard—especially in light of the limited time a defendant has to file its answer compared to the relatively boundless time a plaintiff has to investigate and construct its complaint—JC's references to paragraphs two and five of the parties' agreement in the factual-background section satisfy the specific-provision requirement.  Answer ¶ 72.

---

[1] The Court assumes familiarity with the facts of this case as set forth in the Order.

However, "[a] court may strike a counterclaim when it is merely the 'mirror image' of an opposing party's claim and serves no independent purpose." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18 Civ. 5075, 2020 WL 3472597, at *14 (S.D.N.Y. June 25, 2020). In making this determination, "the [C]ourt must consider whether a case or controversy would still exist in connection with the counterclaim if the [C]ourt entered a judgment dismissing the opponent's claim." *Worldwide Home Prods., Inc. v. Bed Bath & Beyond, Inc.*, No. 11 Civ. 3633, 2013 WL 247839, at *2 (S.D.N.Y. Jan. 22, 2013). Naor World, in its complaint, alleges that JC breached the parties' agreement and points to paragraph two, the same provision that JC identifies in its counterclaim. Compl. ¶¶ 47–50. Although the parties cite the same contract provision, a ruling on Naor World's contract claim would not be dispositive as to JC's. For example, a finding that JC breached the parties' agreement does not compel a finding that Naor World did not. Because JC's breach-of-contract counterclaim is not a "mirror image" of Naor World's, its reconsideration motion as to the breach-of-contract counterclaim is GRANTED.

Lastly, JC argues that dismissal of its indemnification claim was erroneous because Naor World did not "argue against the validity of the indemnification provision." JC Mem. ¶ 32. JC points to no caselaw requiring a party to argue that an indemnification clause is invalid in order for an indemnification counterclaim to be dismissed. Naor World argued—and the Court agreed—that that the counterclaim should be dismissed because JC failed to allege sufficient facts to support it. *See id.*; Order at 5. A counterclaim must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because the counterclaim did not satisfy this standard, it was properly dismissed, and the

reconsideration motion is DENIED as to this counterclaim.[2]

## CONCLUSION

For the foregoing reasons, JC's motion is GRANTED IN PART and DENIED IN PART.

The Clerk of Court is directed to terminate the motion at ECF No. 58.

SO ORDERED.

Dated: June 24, 2024
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Because JC's reconsideration motion does not address the Court's dismissal of its counterclaim for breach of fiduciary duty, the Court presumes that JC does not contest its dismissal.  Further, no caselaw or set of facts offered in JC's reconsideration papers disturb the Court's dismissal of the fiduciary duty counterclaim.